Vera P. Fomina, WSBA No. 49388
vfomina@skidmorefomina.com
Damien N. Villarreal, WSBA No. 50708
dvillarreal@skidmorefomina.com
Mason C. Hudon, WSBA No. 59925
mhudon@skidmorefomina.com
Skidmore Fomina, PPLC
1800 112th Avenue NE, Suite 270E
Bellevue, WA 98004
Telephone: 206-495-8585
Attorneys for Plaintiff

The Honorable Rebecca L. Pennell

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| TATIANA NOVOSELSKIY, an individual,<br><br>                    Plaintiff,<br><br>    v.<br><br>NEW U WOMEN'S CLINIC AND AESTHETICS, PLLC, a Washington Corporation, RACHEL FIDINO, an individual and the marital community comprised thereof, ANDREW FIDINO, an individual and the marital community comprised thereof,<br><br>                    Defendants. | Case No.  4:24-cv-05155-RLP<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND** |

Plaintiff Tatiana Novoselskiy ("Novoselskiy" or "Plaintiff"), by and through her undersigned attorneys of record, Vera P. Fomina, Damien N. Villarreal, and Mason C. Hudon of Skidmore | Fomina, PLLC, alleges as follows:

FIRST AMENDED COMPLAINT FOR DAMAGES - 1

1

## I.   **PARTIES**

1.1    Plaintiff is a citizen of the United States and an individual residing in Benton County, Washington.

1.2    Plaintiff is a former employee of New U Women's Clinic and Aesthetics, PLLC ("New U"), Rachel Fidino, and Andrew Fidino (collectively "Defendants").

1.3    Defendant New U is and was, at all times material hereto, a company incorporated in the State of Washington conducting business in Benton County.

1.4    Defendant Rachel Fidino is a citizen of the United States and is an owner, officer, principal, and/or agent of New U.

1.5    Defendant Andrew Fidino is a citizen of the United States and is an owner, officer, principal, and/or agent of New U.

1.6    At all times pertinent to the Complaint, Defendants Rachel Fidino and Andrew Fidino controlled material elements of Plaintiff's employment at New U and had authority and power to affect Plaintiff's hours, wages, and working conditions and acted in the interest of New U.

1.7    At all times pertinent to the Complaint, Defendants Rachel Fidino and Andrew Fidino were decision-makers with authority over Plaintiff's employment at New U and subject to individual liability for violating RCW 49.60 et seq. and were Plaintiff's employers as defined in RCW 49.60.040(11) because they were acting in the interest of New U, directly or indirectly.

1.8    Defendant New U was Plaintiff's employer pursuant to 42 U.S.C. 2000e(b) and RCW 49.60.040(11).

1.9    At all times pertinent to the Complaint, Rachel and Andrew Fidino were husband and wife.

FIRST AMENDED COMPLAINT FOR DAMAGES - 2

**Skidmore | Fomina, PLLC**
1800 112th Ave NE, Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656

## II.   JURISDICTION AND VENUE

2.1     This Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C § 1331.

2.2     Plaintiff has exhausted administrative remedies via the Equal Employment Opportunity Commission and has been issued a "Right to Sue" letter on November 15, 2024.

2.3     Venue is appropriate in this Court pursuant to 28 U.S.C. §1391 because Defendants are residents of Benton County and conduct business in Benton County.

## III.   FACTUAL ALLEGATIONS

3.1     At all times pertinent to the Complaint, Andrew Fidino was New U's owner and CFO.

3.2     At all times pertinent to the Complaint, Rachel Fidino was New U's owner, CEO, and Advanced Practice Registered Nurse.

3.3     On or around February 14, 2022, Defendants hired Plaintiff as a Medical Assistant.

3.4     On or about March 31, 2023, Novoselskiy was promoted to the position of Clinical Director.

3.5     Throughout her employment, Novoselskiy's performance was good and at no time was she counseled or reprimanded.

3.6     At various times during Plaintiff's employment, Defendants Rachel Fidino and Andrew Fidino sent nude and/or sexually explicit photos of Rachel Fidino to Plaintiff.

FIRST AMENDED COMPLAINT FOR DAMAGES - 3

Skidmore | Fomina, PLLC
1800 112th Ave NE, Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656

3.7     Plaintiff did not ask for these photos to be sent to her and felt uncomfortable receiving these photos.

3.8     On or about March 29, 2024, Human Resources ("HR") Director Jake Myers ("Myers") called a meeting with Novoselskiy, Rachel Fidino, and Andrew Fidino.

3.9     During the meeting, Myers expressed concerns that Andrew Fidino was regularly sharing details of his personal life at work with Myers and Novoselskiy.

3.10   Myers insisted that he was not a marriage counselor and that he needed Andrew Fidino to remain professional and not bring personal issues to work.

3.11   On or about September 17, 2024, Andrew Fidino requested that Novoselskiy meet with him in one of the Company's examination rooms.

3.12   During this meeting, Andrew Fidino disclosed that he and Rachel Fidino were experiencing marital difficulties and expressed concerns regarding infidelity and impending divorce.

3.13   Novoselskiy attempted to support Rachel Fidino and stated that she did not believe that Rachel Fidino had been unfaithful.

3.14   Later that same day, Novoselskiy was in a shared office when Andrew Fidino approached her, suggested that the two play a "fun game" and asked if Novoselskiy wanted to hear about it.

**Skidmore | Fomina, PLLC**
1800 112th Ave NE, Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656

3.15   Novoselskiy declined Andrew Fidino's invitation to play the "fun game."

3.16   Andrew Fidino then closed the door to the office and brought himself uncomfortably close to Novoselskiy.

3.17   He began sniffing her neck while Novoselskiy expressed her discomfort and declined his advances.

3.18   Nonetheless, Andrew Fidino persisted.

3.19   Novoselskiy stated that his actions made her feel uncomfortable and stepped back.

3.20   Andrew Fidino followed Novoselskiy and then wrapped his arms around her waist.

3.21   Novoselskiy forced Andrew Fidino's hands off her waist, gathered her belongings, and went home.

3.22   The following morning, Andrew Fidino requested another private meeting with Novoselskiy.

3.23   Novoselskiy assumed that Andrew Fidino intended to apologize for what occurred the previous day and/or discuss something work-related.

3.24   Instead, Andrew Fidino cornered Novoselskiy against the wall, rubbed his body against hers, wrapped his arms around Novoselskiy's waist, and inappropriately touched her.

FIRST AMENDED COMPLAINT FOR DAMAGES - 5

SKIDMORE | FOMINA, PLLC
1800 112th Ave NE, Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656

3.25   This incident frightened Novoselskiy.

3.26   She eventually managed to escape Andrew Fidino's grasp and leave the room.

3.27   Throughout that week, however, Andrew Fidino's harassment continued.

3.28   On or about September 20, 2024, Novoselskiy spoke to Myers about concerns related to Andrew Fidino's sexual harassment.

3.29   Myers indicated that he had already been aware of some inappropriate comments Andrew Fidino made to other company employees.

3.30   On or about September 21, 2024, company employees attended a team bonding event at a winery.

3.31   That afternoon, Andrew Fidino called Novoselskiy, inquired about her plans, and suggested that the two engage in a sexual encounter.

3.32   Novoselskiy firmly declined Andrew Fidino's advances.

3.33   On or about September 23, 2024, while Novoselskiy was attempting to resolve a technical issue with a machine in an examination room, Andrew Fidino entered the room, closed the door, and sexually harassed Novoselskiy by forcibly guiding her hand to his genital region.

3.34   Disturbed, Novoselskiy fled the room and immediately reported this incident to Myers.

FIRST AMENDED COMPLAINT FOR DAMAGES - 6

**Skidmore | Fomina, PLLC**
1800 112th Ave NE, Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656

3.35   Novoselskiy ensured that she relayed to Myers the precise nature of what had occurred between her and Andrew Fidino because she was adamant that Andrew Fidino's unwelcome behavior cease as soon as possible.

3.36   Rather than promptly address Novoselskiy's concerns, however, Myers told her that he was afraid of losing his job if he stood up for Novoselskiy against the Fidinos.

3.37   During this conversation, Myers told Novoselskiy that she should sue the Fidinos and the Company for sexual harassment.

3.38   On or about September 24, 2024, Novoselskiy attended another meeting with Andrew Fidino.

3.39   Myers accompanied Novoselskiy during this meeting to ensure her safety.

3.40   Later that evening, Rachel Fidino called Novoselskiy and requested that they meet.

3.41   Rachel Fidino drove to Novoselskiy's home so the two could talk.

3.42   Rachel Fidino initially accused Novoselskiy of fabricating her claims of sexual harassment.

3.43   Rachel Fidino stated that she did not believe Novoselskiy because she claimed that Myers's investigation found no corroborating evidence for Novoselskiy's allegations.

SKIDMORE | FOMINA, PLLC
1800 112th Ave NE, Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656

3.44  In response, Novoselskiy delineated every instance of sexual harassment she had experienced at Andrew Fidino's hands and explained the bases for her serious concerns regarding his behaviors.

3.45  Near the end of this conversation, Rachel Fidino conceded that she believed Novoselskiy's account.

3.46  Rachel Fidino immediately made calls to her lender regarding her joint mortgage with Andrew Fidino and consulted a divorce attorney.

3.47  She also instructed the Company's receptionist, Jessica Howard, to deactivate all of Andrew Fidino's work-related accounts.

3.48  Rachel Fidino then confronted Andrew Fidino regarding his actions.

3.49  Initially, Andrew Fidino denied Novoselskiy's allegations but later admitted to his behavior, claiming that Novoselskiy played a role in causing it.

3.50  Novoselskiy firmly asserted that Andrew Fidino's conduct was unwelcome and supported this contention by citing her multiple complaints to HR related to Andrew Fidino's conduct.

3.51  After the conversation with Rachel Fidino, Novoselskiy's husband, Vadim Novoselskiy, accompanied Rachel Fidino to her home and left after Rachel Fidino confirmed that she felt safe to be alone with her husband Andrew Fidino.

Skidmore | Fomina, PLLC
1800 112th Ave NE, Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656

3.52   Later that evening, both Fidinos called Novoselskiy on speakerphone and accused Novoselskiy of lying and suddenly blamed her for causing Andrew Fidino's sexual advances.

3.53   During the call, Rachel Fidino mentioned she would continue her investigation and would inform Novoselskiy about her return to work.

3.54   On or about September 25, 2024, Novoselskiy emailed Rachel Fidino to confirm that she was not to return to work pending the conclusion of the ongoing investigation.

3.55   Shortly thereafter, Novoselskiy received an email from Myers accusing her of unprofessional conduct and informing her that her employment had been terminated.

3.56   The message further stated – in violation of the Washington State's Silenced No More Act, RCW 49.44.211 – that Novoselskiy was "prohibited from discussing any aspect of the business or the events that have taken place."

3.57   Additionally, upon information and belief, Rachel Fidino has been further retaliating against Novoselskiy by spreading rumors claiming that Novoselskiy in fact had an affair with Andrew Fidino and misrepresenting the nature of her separation from employment.

Skidmore | Fomina, PLLC
1800 112th Ave NE, Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656

3.58   On or about October 2, 2024, Plaintiff, through her attorneys, sent a demand letter to the Defendants alleging sexual harassment, retaliation, wrongful termination, and violations of the Silenced No More Act.

3.59   On or about November 8, 2024, Defendants New U Women's Clinic and Aesthetics, PLLC and Rachel Fidino, through their counsel, responded to Plaintiff's demand letter by threatening her with baseless counterclaims that they intended to prevent Plaintiff from pursuing her claims against all Defendants in this matter.

3.60   At no time prior to November 8, 2024, was Plaintiff made aware of any of these or similar concerns by New U Women's Clinic and Aesthetics, PLLC and/or Rachel Fidino that are currently contained in the counterclaims that New U Women's Clinic and Aesthetics, PLLC and Rachel Fidino asserted in their Answer to Plaintiff's original Complaint for Damages.

3.61   On or about December 12, 2024, following Plaintiff's filing of her initial Complaint for Damages, Defendants New U Women's Clinic and Aesthetics, PLLC and Rachel Fidino filed an Answer in this Court which included a Complaint for Damages against Plaintiff, alleging counterclaims for (i) violation of the Defend Trade Secrets Act, (ii) violation of the Washington Uniform Trade Secrets Act, (iii) Intentional Interference with Business Expectancy, (iv) Conversion, (v) violation

**Skidmore | Fomina, PLLC**
1800 112th Ave NE, Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656

of the Computer Fraud and Abuse Act, (vi) Defamation, (vii) Breach of Contract, and (viii) Direct, Vicarious, and Contributory Copyright Infringement.

3.62    Defendant New U Women's Clinic and Aesthetics, PLLC and Defendant Rachel Fidino's counterclaims are retaliatory in nature, baseless, and intended to deter Plaintiff from vindicating her rights under state and federal laws.

3.63    As a result of Defendants' discriminatory adverse actions, Plaintiff has suffered significant economic and non-economic damages in an amount to be proven at trial.

## IV.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Gender Discrimination – Sexual Harassment – 42 U.S.C. §2000e *et seq.* ("Title VII")**
**Against Defendant New U Women's Clinic and Aesthetics, PLLC**

4.1    Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

4.2    Plaintiff belongs to a protected class – female.

4.3    Andrew Fidino was CFO of Defendant New U Women's Clinic and Aesthetics, PLLC and at all times relevant to this Complaint acted within the scope of his employment with New U.

4.4    Andrew Fidino's sexual harassment of Plaintiff was sufficiently pervasive to affect the terms, conditions, or privileges of Plaintiff's employment.

FIRST AMENDED COMPLAINT FOR DAMAGES - 11

4.5     Andrew Fidino sexually harassed Plaintiff by making unwanted sexual advances and, among other things, pressing Plaintiff against the wall, rubbing his body against Plaintiff's, wrapping his arms around Plaintiff, inappropriately touching her, proposing that the two engage in a sexual encounter.

4.6     Plaintiff reported the sexual harassment to Myers and Rachel Fidino.

4.7     Rather than address Plaintiff's concerns about the sexual harassment, Defendants terminated Plaintiff's employment for a pretextual reason on September 25, 2024.

4.8     Moreover, at various times during her employment with New U, Rachel Fidino and Andrew Fidino sent nude and/or sexually explicit photos of Rachel Fidino to Plaintiff.

4.9     Plaintiff did not ask for these photos to be sent to her and felt uncomfortable receiving these photos.

4.10    As a result of Defendants' discriminatory adverse actions, Plaintiff has suffered significant economic and non-economic damages in an amount to be proven at trial.

4.11    As a direct and proximate cause of Defendants' actions, Plaintiff has suffered severe economic and non-economic damages, all in amounts to be proven at trial.

Skidmore | Fomina, PLLC
1800 112th Ave NE, Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656

### SECOND CAUSE OF ACTION
**Retaliation – Title VII - 42 U.S.C. § 2000e-3(a) – First Violation**
**Against Defendant New U Women's Clinic and Aesthetics, PLLC**

4.8    Plaintiff realleges and incorporates herein the preceding paragraphs of this Complaint.

4.9    42 U.S.C. § 2000e-3(a) makes it an unlawful employment practice for a person covered by the Title VII to discriminate against an individual "because [she] has opposed any practice made an unlawful employment practice by this subchapter, or because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

4.10   Plaintiff engaged in a protected conduct by complaining to Myers and Rachel Fidino regarding the sexual harassment by Andrew Fidino.

4.11   Defendants took an adverse employment action against Plaintiff by terminating her employment shortly after she complained about the sexual harassment.

4.12   A causal link exists between the protected activity and the Defendant's decision to terminate Plaintiff's employment.

4.13   As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
**Retaliation – Title VII, 42 U.S.C. § 2000e-3(a) – Second Violation**
**Against Defendant New U Women's Clinic and Aesthetics, PLLC**

**SKIDMORE | FOMINA, PLLC**
1800 112th Ave NE, Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656

4.8    Plaintiff realleges and incorporates herein the preceding paragraphs of this Complaint.

4.9    42 U.S.C. § 2000e-3(a) makes it an unlawful employment practice for a person covered by the Title VII to discriminate against an individual "because [she] has opposed any practice made an unlawful employment practice by this subchapter, or because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

4.10   Plaintiff engaged in a protected conduct by complaining to Myers and Rachel Fidino regarding the sexual harassment by Andrew Fidino.

4.11   Plaintiff's employment was terminated on or about September 25, 2024.

4.12   On or about November 8, 2024, in response to Plaintiff's demand letter, Defendants New U Women's Clinic and Aesthetics, PLLC and Rachel Fidino threatened Plaintiff with baseless counterclaims.

4.13   On November 19, 2024, Plaintiff engaged in further protected conduct by filing a Complaint for Damages in the District Court for the Eastern District of Washington alleging sexual harassment and retaliation, among other claims.

4.14   Shortly thereafter, Defendants New U Women's Clinic and Aesthetics, PLLC and Rachel Fidino, retaliated against Plaintiff by filing an Answer and

FIRST AMENDED COMPLAINT FOR DAMAGES - 14

**Skidmore | Fomina, PLLC**
1800 112th Ave NE, Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656

Counterclaims which alleged baseless counterclaims against Plaintiff in retaliation for her protected complaints and participation in the litigation process.

4.15  As a direct and proximate cause of Defendants' actions, Plaintiff has suffered substantial economic and non-economic damages, all in amounts to be proven at trial.

### FOURTH CAUSE OF ACTION
### Gender Discrimination – Sexual Harassment - RCW 49.60 *et seq.*
### Against All Defendants

4.16  Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

4.17  Plaintiff belongs to a protected class – female.

4.18  At various times during Plaintiff's employment, Defendants Rachel Fidino and Andrew Fidino sent nude photos of Rachel Fidino to Plaintiff.

4.19  Plaintiff did not ask for these photos to be sent to her and felt uncomfortable receiving these photos.

4.20  Andrew Fidino sexually harassed Plaintiff by making unwanted sexual advances and, among other things, pressing Plaintiff against the wall, rubbing his body against Plaintiff's, wrapping his arms around Plaintiff, inappropriately touching her, suggesting that the two engage in a sexual encounter.

4.21  Plaintiff reported the sexual harassment to Myers and Rachel Fidino.

**Skidmore | Fomina, PLLC**
1800 112th Ave NE, Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656

4.22  Rather than address Plaintiff's concerns about the sexual harassment, Defendants terminated Plaintiff's employment for a pretextual reason on September 25, 2024.

4.23  As a direct and proximate cause of Defendants' actions, Plaintiff has suffered substantial economic and non-economic damages, all in amounts to be proven at trial

## FIFTH CAUSE OF ACTION
### Retaliation - RCW 49.60.210(1) – First Violation
### Against All Defendants

4.24  Plaintiff realleges and incorporates herein the preceding paragraphs of this Complaint.

4.25  Plaintiff was terminated after she complained to Myers and Rachel Fidino regarding the sexual harassment.

4.26  Plaintiff's complaints were a substantial factor in Defendants' decision to terminate Plaintiff's employment.

4.27 Defendants' actions and/or omissions constitute employment retaliation in violation of the Washington Law Against Discrimination, RCW 49.60.210.

4.28  As a result of Defendants' violations, Plaintiff has been damaged in an amount to be proven at trial.

## SIXTH CAUSE OF ATION

FIRST AMENDED COMPLAINT FOR DAMAGES - 16

### Retaliation – RCW 49.60.210 – Second Violation
### Against All Defendants New U Women's Clinic and Aesthetics, PLLC and Rachel Fidino

4.29  Plaintiff realleges and incorporates herein the preceding paragraphs of this Complaint.

4.30  RCW 49.60.210(1) provides that "it is an unfair practice for any employer, employment agency, labor union, or other person to discharge, expel, or otherwise discriminate against any person because he or she has opposed any practices forbidden by this chapter, or because he or she has filed a charge, testified, or assisted in any proceeding under this chapter."

4.31  Plaintiff engaged in a protected conduct by complaining to Myers and Rachel Fidino regarding the sexual harassment by Andrew Fidino.

4.32  Plaintiff's employment was terminated on or about September 25, 2024.

4.33  On or about November 8, 2024, in response to Plaintiff's demand letter, Defendants New U Women's Clinic and Aesthetics, PLLC and Rachel Fidino threatened Plaintiff with baseless counterclaims.

4.34  On November 19, 2024, Plaintiff engaged in further protected conduct by filing a Complaint for Damages in the District Court for the Eastern District of Washington alleging sexual harassment and retaliation, among other claims.

FIRST AMENDED COMPLAINT FOR DAMAGES - 17

4.35  Shortly thereafter, Defendants New U Women's Clinic and Aesthetics, PLLC and Rachel Fidino, retaliated against Plaintiff by filing an Answer and Counterclaims which alleged baseless counterclaims against Plaintiff in retaliation for her protected complaints and participation in the litigation process.

4.36  As a direct and proximate cause of Defendants' actions, Plaintiff has suffered substantial economic and non-economic damages, all in amounts to be proven at trial.

## SEVENTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy
### Against All Defendants

4.8    Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

4.9    There is a clear and strong public policy in Washington State evidenced in both Washington state statutes, and common law against discrimination based on gender and sexual harassment. RCW 49.60 et seq.; RCW 49.44.211.

4.10  Plaintiff reported Andrew Fidino's sexual harassment to Myers and to Rachel Fidino.

4.11  Defendants terminated Plaintiff's employment based on her reporting Andrew Fidino's discriminatory conduct.

FIRST AMENDED COMPLAINT FOR DAMAGES - 18

**Skidmore | Fomina, PLLC**
1800 112th Ave NE, Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656

4.12  As a direct and proximate cause of Defendants' actions, Plaintiff has suffered substantial economic and non-economic damages, all in amounts to be proven at trial.

## EIGHTH CAUSE OF ACTION
### Retaliation – RCW 49.44.211(3) – Silenced No More Act – First Violation Against All Defendants

4.13  Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

4.14  RCW 49.44.211(3) provides that an employer may not discharge or in any other manner retaliate against an employee for disclosing or discussing conduct that the employee reasonably believes to be illegal.

4.15  Plaintiff complained about being sexually harassed during her employment with Defendants.

4.16  On or about September 25, 2024, Novoselskiy's employment was terminated.

4.17  The termination email stated that Novoselskiy was "prohibited from discussing any aspect of the business or the events that have taken place."

4.18  Plaintiff was terminated because of her complaints regarding Defendant Andrew Fidino's illegal activities.

FIRST AMENDED COMPLAINT FOR DAMAGES - 19

4.19  As a direct and proximate cause of Defendants' actions, Plaintiff has suffered substantial economic and non-economic damages, all in amounts to be proven at trial.

## NINTH CAUSE OF ACTION
**Retaliation – RCW 49.44.211(3) – Silenced No More Act – Second Violation Against Defendants New U Women's Clinic and Aesthetics, PLLC and Rachel Fidino**

4.20  Plaintiff realleges and incorporates herein the preceding paragraphs of this Complaint.

4.8  RCW 49.44.211(3) provides that an employer may not discharge or in any other manner retaliate against an employee for disclosing or discussing conduct that the employee reasonably believes to be illegal.

4.9  Plaintiff engaged in a protected conduct by complaining to Myers and Rachel Fidino regarding the sexual harassment by Andrew Fidino.

4.10  Plaintiff's employment was terminated on or about September 25, 2024.

4.11  On or about November 8, 2024, in response to Plaintiff's demand letter, Defendants New U Women's Clinic and Aesthetics, PLLC and Rachel Fidino threatened Plaintiff with baseless counterclaims.

**Skidmore | Fomina, PLLC**
1800 112th Ave NE, Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656

4.12  On November 19, 2024, Plaintiff engaged in further protected conduct by filing a Complaint for Damages in the District Court for the Eastern District of Washington alleging sexual harassment and retaliation, among other claims.

4.13  Shortly thereafter, Defendants New U Women's Clinic and Aesthetics, PLLC and Rachel Fidino, retaliated against Plaintiff by filing an Answer and Counterclaims which alleged baseless counterclaims against Plaintiff in retaliation for her protected complaints and participation in the litigation process.

4.14  As a direct and proximate cause of Defendants' actions, Plaintiff has suffered substantial economic and non-economic damages, all in amounts to be proven at trial.

### TENTH CAUSE OF ACTION
### Tort Of Outrage - Intentional Infliction of Emotional Distress ("IIED") Against Defendant All Defendants

4.15  Plaintiff realleges and incorporates herein the preceding paragraphs of this Complaint.

4.16  Defendants' conduct towards Plaintiff as alleged herein was extreme and outrageous.

4.17  Defendants intentionally or recklessly inflicted emotional distress upon Plaintiff.

FIRST AMENDED COMPLAINT FOR DAMAGES - 21

**SKIDMORE | FOMINA, PLLC**
1800 112th Ave NE, Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656

4.18  As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered and continues to suffer severe emotional distress and humiliation, all in an amount to be proven at trial.

### ELEVENTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress ("NIED")
### Against All Defendants

4.19  Plaintiff realleges and incorporates herein the preceding paragraphs of this Complaint.

4.20  Defendants had a duty to act with reasonable care to avoid negligently inflicting mental or emotional distress on Plaintiff.

4.21  Defendants could have reasonably foreseen that his conduct toward Plaintiff would cause Plaintiff emotional distress.

4.22  Defendants failed to act with reasonable care towards Plaintiff, causing severe emotional distress.

4.23  Given the foreseeable risks, Defendants' conduct toward Plaintiff was unreasonable and he had a duty to refrain from such conduct.

4.24  Defendants' conduct as alleged herein exceeded acceptable employee discipline practices or any reasonable response to a dispute.

4.25  Plaintiff's emotional injuries manifested via objective, as well as subjective symptoms.

FIRST AMENDED COMPLAINT FOR DAMAGES - 22

4.26  As a direct and proximate cause of Defendants' actions, Plaintiff has suffered severe economic and non-economic damages, all in amounts to be proven at trial.

## V.  JURY DEMAND

5.1  Plaintiff requests a trial by jury on all issues so triable.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment in her favor and for relief as follows:

6.1  Economic damages for back pay, front pay, lost benefits, and medical expenses in an amount to be proven at trial;

6.2  Damages for actual compensatory, consequential, and incidental damages as alleged herein or as proven at trial;

6.3  Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

6.4  Compensation for any tax penalty associated with a recovery;

6.5  Reasonable attorneys' fees and costs along with reasonable expert witness fees and other fees and costs incurred in prosecuting this action in an amount to be proven at trial;

6.6  Pre-judgment interest on all amounts awarded as allowed by law;

6.7  Post judgment interest; and

6.8  Any other relief this Court shall deem just and equitable.

DATED: December 23, 2024.

*/s/ Vera Fomina*
Vera P. Fomina, WSBA No. 49388
Damien N. Villarreal, WSBA No. 50708
Mason C. Hudon, WSBA No. 59925
*Attorneys for Plaintiff*

**SKIDMORE | FOMINA, PLLC**
1800 112th Ave NE, Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656