FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 31, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TATIANA NOVOSELSKIY, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>NEW U WOMEN'S CLINIC AND AESTHETICS PLLC, a Washington Corporation, RACHEL FIDINO, an individual and the marital community comprised thereof, and ANDREW FIDINO, an individual and the marital community comprised thereof,<br><br>    Defendants,<br>And<br><br>NEW U WOMEN'S CLINIC AND AESTHETICS PLLC, a Washington Corporation, and ANDREW FIDINO, an individual and the marital community comprised therof,<br><br>    Counter Claimants,<br><br>    v. | No. 4:24-cv-05155-RLP<br><br>ORDER GRANTING STIPULATED PROTECTIVE ORDER IN PART AND DENYING IN PART |

ORDER GRANTING STIPULATED PROTECTIVE ORDER
IN PART AND DENYING IN PART ~ 1

TATIANA NOVOSELSKIY, an individual, and Does 1-10,

        Counter Defendants.

Before the Court is the parties' Stipulated Protective Order, ECF No. 43. The parties seek a protective order to protect confidential material including:

a) Protocols for the harvest, processing, and injection of stem cells and other medical products such as harvest techniques and devices, processing techniques, and reimplantation techniques;

b) Documents, including but not limited to photographs and videos, disclosing the type of equipment and the specific procedures used in the sentence above;

c) New U's financial documents reflecting revenue trends from specific service and product offerings, pricing strategies, profits, losses, non-public economic plans, and competitive economic strategies;

d) Photographs of any person other than fully clothed, or displayed in public by the person depicted in the photograph, which may cause embarrassment, annoyance, or reputational harm if published including photographs of parties and witnesses revealing frontal nudity;

e) Photographs of any person under 18 years of age when the photograph was taken;

f) Personnel files of persons not parties to this lawsuit;

g) Identities of any current or former patient of any medical provider;

h) Medical information of any party, including treatment records, diagnoses, photographs and videos taken for the purpose of diagnosis or treatment, which may cause embarrassment, annoyance, or reputational harm if published, or is otherwise not relevant to any claim in this proceeding and not including any medical information waived by that person's pleading of such issue;

The Court finds good cause under Fed. R. Civ. P. 26(c) to issue an order to protect certain categories of information produced by a party in discovery in this

matter to prevent annoyance, embarrassment, oppression, or undue burden or expense. The Court therefore grants the protective order as to categories (a) and (b) and (d) through (h) above.

Regarding category (c), New U's financial documents, it is not apparent to the Court that good cause exists for a protective order. If the parties want this category of information to be included in the protective order, the Court will consider briefing as to good cause for its inclusion under FRCP 26(c).

ACCORDINGLY, IT IS ORDERED:

1. The parties' Stipulated Protective Order, **ECF No. 43**, is **GRANTED in part** as set forth below.

2. The parties' Stipulated Protective Order, **ECF No. 43**, is **DENIED in part** as to New U's financial documents reflecting revenue trends from specific service and product offerings, pricing strategies, profits, losses, non-public economic plans, and competitive economic strategies.

**PROTECTIVE ORDER**

**1. PURPOSES AND LIMITATIONS.**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this

Order is consistent with the Federal Rules of Civil Procedure. It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. It does not reduce or enhance the discoverability of information under the applicable rules.

2. **"CONFIDENTIAL" MATERIAL.**

"Confidential" material (also referred to as confidential information) shall include the following documents and tangible things produced or otherwise exchanged during this litigation:

a) Protocols for the harvest, processing, and injection of stem cells and other medical products such as harvest techniques and devices, processing techniques, and reimplantation techniques;

b) Documents, including but not limited to photographs and videos, disclosing the type of equipment and the specific procedures used in the sentence above;

c) Photographs of any person other than fully clothed, or displayed in public by the person depicted in the photograph, which may cause embarrassment, annoyance, or reputational harm if published including photographs of parties and witnesses revealing frontal nudity;

d) Photographs of any person under 18 years of age when the photograph was taken;

e) Personnel files of persons not parties to this lawsuit;

f) Identities of any current or former patient of any medical provider;

ORDER GRANTING STIPULATED PROTECTIVE ORDER
IN PART AND DENYING IN PART ~ 4

g) Medical information of any party, including treatment records, diagnoses, photographs and videos taken for the purpose of diagnosis or treatment, which may cause embarrassment, annoyance, or reputational harm if published, or is otherwise not relevant to any claim in this proceeding and not including any medical information waived by that person's pleading of such issue;

**3.    SCOPE.**

The protections conferred by this Order cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL.**

4.1    **Basic Principles.**

A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation or for official government purposes. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that

ORDER GRANTING STIPULATED PROTECTIVE ORDER
IN PART AND DENYING IN PART ~ 5

access is limited to the persons authorized under this Order.

4.2    **Disclosure of "CONFIDENTIAL" Information or Items.**

Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to: (a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation; (b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated; (c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); (d) the Court, Court personnel, and court reporters and their staff; (e) other government personnel whose duties require review of the information; (f) copy or imaging services retained by counsel of record to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material; (g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; (h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3    **Filing Confidential Material.**

Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.

5.    **DESIGNATING PROTECTED MATERIAL.**

5.1    **Exercise of Restraint and Care in Designating Material for Protection.**

Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for

ORDER GRANTING STIPULATED PROTECTIVE ORDER
IN PART AND DENYING IN PART ~ 7

protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions in the discretion of the Court.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2  **Manner and Timing of Designations.**

Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced if not listed in paragraph two (2) above.

(a)  **Information in documentary form:** (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or

ORDER GRANTING STIPULATED PROTECTIVE ORDER
IN PART AND DENYING IN PART ~ 8

other pretrial or trial proceedings): The designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     **Testimony given in deposition or in other pretrial proceedings:** The parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     **Other tangible items:** The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     **Inadvertent Failures to Designate.**

ORDER GRANTING STIPULATED PROTECTIVE ORDER
IN PART AND DENYING IN PART ~ 9

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

6.1    **Timing of Challenges.**

Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    **Meet and Confer.**

The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and

participants to the conference. A good faith effort to confer requires a face-to-face meeting, virtual meeting, or a telephone conference.

6.3     **Judicial Intervention.**

If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality or other relevant relief under Federal Rules of Civil Procedure 26 and 37 and Local Civil Rule 7. The burden of persuasion in any such motion shall be on the designating party. Frivolous confidential designations and frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must: (a) promptly notify the designating party in writing and include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Order; and

ORDER GRANTING STIPULATED PROTECTIVE ORDER
IN PART AND DENYING IN PART ~ 11

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.  **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.  **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the

entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

ORDER GRANTING STIPULATED PROTECTIVE ORDER
IN PART AND DENYING IN PART ~ 12

**10.   NON-TERMINATION AND RETURN OF DOCUMENTS.**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.  Counsel are not authorized to retain any copies of New U's documents described in paragraph two above, whether on computer backups, paper copies, or any other location.  Counsel are not authorized to retain any copies of Plaintiff's medical records.

The confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO ORDERED. The Clerk shall enter this Order and forward copies to counsel.

**DATED** July 31, 2025.

REBECCA L. PENNELL
United States District Judge

ORDER GRANTING STIPULATED PROTECTIVE ORDER
IN PART AND DENYING IN PART ~ 13