FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 02, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TATIANA NOVOSELSKIY, an individual,<br><br>    Plaintiff,<br>    v.<br><br>NEW U WOMEN'S CLINIC AND AESTHETICS PLLC, a Washington Corporation, RACHEL FIDINO, an individual and the marital community comprised thereof, and ANDREW FIDINO, an individual and the marital community comprised thereof,<br><br>    Defendants.<br><br>And<br><br>NEW U WOMEN'S CLINIC AND AESTHETICS PLLC, a Washington Corporation, and ANDREW FIDINO, an individual and the marital community comprised thereof,<br><br>    Counter Claimants,<br>    v.<br>TATIANA NOVOSELSKIY, an individual and Does 1-10,<br><br>    Counter Defendants. | No. 4:24-CV-05155-RLP<br><br>ORDER GRANTING MOTION TO DISMISS IN PART AND DENYING IN PART |

ORDER GRANTING MOTION TO DISMISS
IN PART AND DENYING IN PART ~ 1

Before the Court is Counter-Defendant Tatiana Novoselskiy's motion to dismiss three counterclaims brought by New U Women's Clinic. Ms. Novoselskiy is represented by Jon Bogdanov and New U Women's Clinic is represented by Daniel Spurgeon. This matter was considered without oral argument.

Ms. Novoselskiy seeks dismissal of the following three counterclaims: (1) conversion, (2) intentional interference with a business expectancy, and (3) a violation of the Consumer Fraud and Abuse Act.

As explained below, the Court grants Ms. Novoselskiy's motion only as to the Consumer Fraud and Abuse Act claim. While Ms. Novoselskiy's criticism of New U's conversion claim has some merit, the elements of a conversion are sufficiently different from New U's other claims to allow that claim to survive. With respect to the intentional interference with a business expectancy claim, Ms. Novoselskiy seeks a level of specificity that is not required at the pleading stage. Finally, while the Court agrees with Ms. Novoselskiy that New U's Consumer Fraud and Abuse Act claim should be dismissed, the Court concludes New U should be allowed an opportunity to amend as to that claim.

## BACKGROUND

Tatiana Novoselskiy was employed by New U Women's Clinic and Aesthetics, owned by Andrew and Rachel Fidino, a married couple. Ms. Novoselskiy alleges that Andrew Fidino sexually harassed her, that she reported

the harassment to New U human resources and Rachel Fidino, and that Ms. Fidino improperly terminated her employment.

New U and the Fidinos deny the allegations. Andrew Fidino alleges he had a consensual romantic affair with Ms. Novoselskiy. After her allegations of sexual harassment, he was interviewed by human resources, admitted the consensual affair, and his employment was terminated. Thereafter, Mr. Fidino alleges Ms. Novoselskiy defamed him by stating he was a "sexual predator" to customers and members of the public.

New U and Ms. Fidino allege that upon learning about the sexual harassment allegations, Ms. Fidino immediately initiated an investigation. After an investigation, New U determined the romantic relationship between Ms. Novoselskiy and Andrew Fidino was consensual and fired both employees. New U alleges that before accusing Mr. Fidino of sexual harassment, Ms. Novoselskiy took sensitive information including trade secrets and copyrights from New U and, upon her termination, immediately commenced working for a competitor.

Ms. Novoselskiy has filed suit against New U and the Fidinos, raising eight claims related to allegations of gender discrimination and wrongful termination. In response, New U and Ms. Fidino have raised eight counterclaims. These relate to allegations Ms. Novoselskiy misappropriated company trade secrets and property.

Ms. Novoselskiy has filed a motion requesting the Court dismiss three of the counter-claims under FRCP 12(c).

## ANALYSIS

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings after the pleadings are closed, but before trial. Fed. R. Civ. P. 12(c). A motion under Rule 12(c) tests the legal sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc*. 637 F.3d 1047, 1063 n.4 (9th Cir. 2011). The analysis is "substantially identical" to that of a motion to dismiss under Rule 12(b)(6): a court must determine whether, crediting the factual allegations as true, the moving party is entitled to judgment as a matter of law. *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The principal difference between the two motions is the timing of the filing. *See Dworkin v. Hustler Magazine Inc*., 867 F.2d 1188, 1192 (9th Cir. 1989).

Under both standards, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In other words, the complaint must contain "well-pleaded facts" from which the Court can "infer more than the mere possibility of misconduct." *Id*. at 679. If a court determines the complaint does not meet the standard set forth under Rule 2(c), a court may grant a motion with leave to amend, but it need not do so if

ORDER GRANTING MOTION TO DISMISS
IN PART AND DENYING IN PART ~ 4

amendment would be futile. *See Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006).

Ms. Novoselskiy seeks dismissal of the following three counter-claims: (1) conversion, (2) intentional interference with a business expectancy, and (3) a violation of the Consumer Fraud and Abuse Act. Each is addressed in turn.

*1. Conversion*

In Washington, conversion consists of an unjustified, willful interference without lawful justification, whereby a person entitled to it is deprived of the possession of his or her property. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1039 (9th Cir. 2010) (citing *Potter v. Washington State Patrol,* 165 Wash.2d 67, 196 P.3d 691, 696 (2008); *Western Farm Service, Inc. v. Olsen,* 151 Wash.2d 645, 90 P.3d 1053, 1054 n. 1 (2004)); *see also Burton v. City of Spokane*, 16 Wash. App. 2d 769, 773 (2021). New U's cause of action for conversion alleges that Ms. Novoselskiy unlawfully took at least 80 files containing critical business information through fraudulent access and air-dropping techniques.

Ms. Novoselskiy contends that New U's counterclaim for conversion should be dismissed for three reasons: (1) the Uniform Trade Secrets Act preempts the conversion claim; (2) the Copyright Act preempts the conversion claim; and (3) the independent duty doctrine bars the conversion claim, given the parties had a contract. New U disagrees with Ms. Novoselskiy, pointing out that it has

specifically disclaimed any trade secrets as part of its conversion claim and that conversion requires proof of different elements than claims related to trade secrets, copyright, or contract.

The Court agrees with New U that, at least to a limited degree, its conversion claim is distinct from the claims that Novoselskiy argues should be given preclusive effect. Ms. Novoselskiy validly criticizes New U's conversion claim as referring to intellectual property which would conceivably fall under the purview of other causes of action, such as a violation of trade secrets or copyright law. But a conversion claim requires not simply the wrongful use of property—it also requires a deprivation of the property owner's right to possession of property. Consistent with a pure conversion claim, New U alleges Ms. Novoselskiy "took a business notebook from New U" which contained certain notes, data, and other non-public information. ECF No. 25 at 34:4.12. New U also alleges Ms. Novoselskiy took at least 80 computer files from a New U computer and then saved them to her laptop computer. ECF No. 25 at 46:5.22.[1] If true, these allegations potentially implicate the deprivation element of a conversion claim. They are distinct from a trade secrets or copyright claim. And the independent duty

---

[1] It is not clear from the pleading that the electronic "taking" of files deprived New U of the files or whether they were simply copied.

ORDER GRANTING MOTION TO DISMISS
IN PART AND DENYING IN PART ~ 6

doctrine, pertaining to actions involving contract violations, is distinct from the duty not to take someone else's property. *See Fuji Food Prods., Inc. v. Occidental, LLC*, 6 Wash. App. 2d 1027 at *6 (2018) (unpublished).

As properly construed, it appears New U's conversion claim may be minor. Nevertheless, it is not subject to dismissal at this point in the litigation.

*2. Intentional Interference with a Business Expectancy*

To assert a tortious interference with a business expectancy, New U must show (1) the existence of a valid business expectancy, (2) that Ms. Novoselskiy had knowledge of that expectancy, (3) an intentional interference inducing or causing a breach or termination of the expectancy, (4) that Ms. Novoselskiy interfered for an improper purpose or used improper means, and (5) resultant damage. *See Leingang v. Pierce Cnty. Med. Bureau*, 131 Wn. 2d 133, 157, 930 P.2d 288 (1997).

Ms. Novoselskiy contends that New U's tortious interference claim fails because it does not identify any specific customers or contracts that she allegedly interfered with. Although an enforceable contract is not required to support a tortious interference claim, a plaintiff must allege "a relationship between parties contemplating a contract, with at least a reasonable expectancy of fruition." *Scymanski v. Dufault*, 80 Wn.2d 77, 84-85 (1971). "Courts allow tortious interference claims where a defendant's acts destroy a plaintiff's opportunity to

obtain prospective customers. Washington courts require a plaintiff to show only that its future business opportunities are a reasonable expectation and not merely wishful thinking." *Greensun Grp., LLC v. City of Bellevue*, 7 Wn. App. 2d 754, 768-69 (2019).

New U's allegations regarding business expectancy include:

> New U had a valid business expectancy of continued purchase of services by its clients. Very few clients procure only one or two visits, as the nature of the services and treatments often requires multiple visits extending into the future. Counter-Claim Defendants also perceived that these clients would purchase additional services in the future, and in fact took steps deliberately designed to divert patronage to Counter-Claim Defendants' new competing business rather than continuing to do so from the New U.

ECF No. 25 at 42:5.9. Additionally, New U claims Ms. Novoselskiy diverted existing clients to competing businesses. ECF No. 25 at 44:5.13.

Taking New U's allegations as true, it has sufficiently plead a reasonable expectation of continued relationship with existing customers. The matter of who the customers are is a matter for discovery, not for judgment on the pleadings. *See Tori Belle Cosms. LLC v. McKnight*, 2022 WL 3927069, at *6 (W.D. Wash. Aug. 31, 2022) (declining to dismiss claim where allegations of a fully functional venture with existing customers, a sales track record, and reasonable expectations for growth created a plausible basis for valid business expectancy); *Life Designs Ranch, Inc. v. Sommer*, 191 Wash. App. 320, 337, 364 P.3d 129, 138 (2015)

ORDER GRANTING MOTION TO DISMISS
IN PART AND DENYING IN PART ~ 8

(finding prima facie case of reasonable expectation shown at summary judgment by historical referral and enrollment records to demonstrate reasonable expectation of future numbers).

The two cases cited by Ms. Novoselskiy, *Group4Techs. V. Nexeon*, 2023 WL 3599580 at *3; and *Stuc-O-Flex v. Low & Bonar*, 2019 WL 4688803 at *6 (W.D. Wash. Sept. 26 2019), rely on *Pac. Nw. Shoot Park Ass'n v. City of Sequim*, 158 Wash. 2d 342 (2006), a tortious interference with a business contracts case. In *City of Sequim*, the court found that "[t]o show a relationship between parties contemplating a contract, it follows that we must know the parties' identities." *Id.* at 353 n.2. But in *Greensun*, the Washington Court of Appeals cautioned against conflating the two closely related torts of interference with a business contract and interference with a business expectancy and found *City of Sequim* does not apply to a case involving intentional interference with a business expectancy. 7 Wash. App. 2d at 769-70.

The motion to dismiss as to the claim for interference with a business expectancy is denied.

*3. Violation of the Consumer Fraud and Abuse Act*

Ms. Novoselskiy contends that New U's Consumer Fraud and Abuse Act (CFFA) claim pursuant to 18 U.S.C. § 1030 fails as a matter of law because Ms. Novoselskiy was given access to the computer systems at issue. The CFAA creates

ORDER GRANTING MOTION TO DISMISS
IN PART AND DENYING IN PART ~ 9

criminal and civil liability for "acts of computer trespass by those who are not authorized users or who exceed authorized use." *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1065 (9th Cir. 2016). New U's claim states:

> While [Novoselskiy], as an employee of new U at the time, had limited authorization to access certain computer files for New U's business purposes, Novoselskiy far exceeded the bounds of her authorized use by taking the actions described in this cause of action. . . . She misled New U into believing she was only using New U's computers, computer networks, and New U-authorized passwords to perform her authorized employment functions, when she was actually violating her written and verbal promises to honor these limits.

ECF No. 25 at 48:5.27.

The complaint further alleges that on October 4, 2024, Ms. Novoselskiy fraudulently obtained access to New U's Microsoft 365 account and added herself as a shared user to access New U's files through Microsoft 365. ECF No. 25 at 48:5.28. New U "promptly" removed Ms. Novoselskiy's shared user access. *Id.* Lastly, New U alleges Ms. Novoselskiy has attempted to gain access to other New U electronic accounts and it is "believed" that there is "an ongoing campaign of fraudulent computer attacks by [Ms.] Novoselskiy." ECF No. 25 at 49:5.29.

The CFAA authorizes a person damaged by prohibited conduct to bring a civil suit where a party "intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage." 18 U.S.C. § 1030(a)(5)(b), (g). Case law is clear that the misuse or misappropriation

ORDER GRANTING MOTION TO DISMISS
IN PART AND DENYING IN PART ~ 10

of information through authorized access is not covered by the CFAA. *See Van Buren v. United States*, 593 U.S. 374, 396 (2021) (finding that police officer's misuse of a database to which he had authorized access not covered by the CFAA); *NW Monitoring LLC v. Hollander*, 534 F. Supp. 3d 1329, 1340 (W.D. Wash. 2021). As noted by Ms. Novoselskiy, the Supreme Court described CFAA liability as "a gates-up-or-down inquiry - one either can or cannot access a computer system, and one either can or cannot access certain areas within the system." 593 U.S. at 1658-59. Here, the complaint acknowledges Ms. Novoselskiy had authorization to access computer files for business purposes. Thus, since the complaint alleges that she was authorized to access computer files, allegations regarding the misuse of those files are not covered by the CFAA.

    New U contends that its CFAA claim applies to actions after Ms. Novoselskiy was terminated on September 25, 2024. The counterclaim alleges fraudulent action on October 4, 2024 in the form of unauthorized access to its Microsoft 360 account. New U also contends that the counterclaims "allege a broad range of unauthorized entry including post-employment intrusions." ECF No. 25 at 49:5-12. The application of the CFAA to potential post-employment access depends on the whether and how Ms. Novoselskiy's computer access was revoked.

ORDER GRANTING MOTION TO DISMISS
IN PART AND DENYING IN PART ~ 11

The Ninth Circuit has rejected the argument that permission or authorization to access a computer is automatically withdrawn when the user violates a duty owed to the owner of the computer. *Domain Name Comm'n Ltd. v. DomainTools, LLC*, 449 F. Supp. 3d 1024, 1027 (W.D. Wash. 2020). "Rather, whether access is authorized or unauthorized 'depends on actions taken by the employer.'" *Id.* (quoting *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1134-35 (9th Cir. 2009)). "[A] defendant can run afoul of the CFAA when he or she has no permission to access a computer or when such permission has been revoked explicitly." *Facebook, Inc. v. Power Ventures, Inc.,* 844 F.3d 1058, 1067 (9th Cir. 2016)). "If the computer owner has not affirmatively rescinded the defendant's right to access the computer, any existing authorization/permission remains." *Domain*, 449 F. Supp. 3d at 1027.

New U has plausibly alleged that Ms. Novoselskiy accessed New U's computer files after her employment ended. However, it has not alleged that it explicitly revoked her authorization to access files. This is a flaw in the pleading of the CFAA claim that must be remedied for the claim to survive.

The counterclaims also allege post-employment alleged attempts to reset contact information on electronic accounts and actions "believed to be an ongoing campaign of fraudulent computer attacks." ECF No. 25 at 49:5.29. Ms. Novoselskiy contends that New U's CFAA claim cannot be based on alleged

"attempts" to access a computer system. The Court agrees. While an "attempt" may be charged as a crime under the CFAA, 18 U.S.C. § 1030(b), it is not the basis for a civil claim under 18 U.S.C. § 1030(g), which provides only for claims arising from intentional access of a protected computer without authorization under 18 U.S.C. § 1030(c)(4)(A)(i) and 1030(a)(5)(B). Since this part of the counterclaim alleges only attempted and not actual access, it must be dismissed.

## CONCLUSION

Counter-Defendant Tatiana Novoselskiy's Motion to Dismiss, **ECF No. 38**, is **GRANTED in part** and **DENIED in part**. New U's Consumer Fraud and Abuse Act counterclaim is dismissed without prejudice. Ms. Novoselskiy's motion to dismiss the counterclaims for conversion and intentional interference with a business expectancy are denied.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** September 2, 2025

_____
REBECCA L. PENNELL
United States District Judge